IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MINNESOTA LIFE INSURANCE CO., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLINTON ALLEN and DAWN ALLEN, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> DAWN ALLEN, ) <br> ) <br> Cross-Claim Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLINTON ALLEN, ) <br> ) <br> Cross-Claim Defendant. ) | Case No. 19-3026 |

## OPINION

RICHARD MILLS, United States District Judge:

Pending before the Court is Cross-Claim Defendant Clinton Allen's motion for summary judgment.

Cross-Claim Plaintiff Dawn Allen did not respond to the motion of Clinton Allen.

The motion is granted.

1

I.

Cross-Claim Defendant Clinton Allen's ("Clinton") motion concerns a determination of the appropriate distribution of the Minnesota Life Insurance Company ("Minnesota Life") policy of Peter Mark Allen, deceased. Clinton claims he is entitled to the full amount of the life insurance policy based on the contents of a certain Beneficiary Designation and Change Request executed on August 20, 2018 by Peter Mark Allen ("the "BDCR"). Cross-Claim Plaintiff Dawn Allen ("Dawn") believes she is entitled to the full amount of the life insurance policy because she alleges that Peter Mark Allen's signature on the BDCR was procured by fraud.

At all relevant times, Peter Mark Allen maintained a life insurance policy with Minnesota Life as a benefit of his employment with the State of Illinois. On May 11, 2018, a Minnesota Life insurance document called the Portability Election ("the PE") was executed by Peter Mark Allen. Although the Portability Election was signed by Peter Mark Allen, the contents of the Portability Election, including the "Employee Information" section and the various responses thereon, were filled out by Dawn—who was set to receive 50% of the life insurance proceeds under the instrument.

On August 20, 2018, Minnesota Life sent an e-mail to Peter Mark Allen to provide him with certain life insurance documents, stating that he had "requested a form to make a change to [his] life insurance coverage." The email was sent by Minnesota Life to peterallen58@gmail.com, which the parties agree is an email address which belonged to and was used by Peter Mark Allen at the time.

On August 20, 2018 the BDCR, which designated Clinton to be the 100% beneficiary of the Minnesota Life Insurance policy, was executed. Dawn did not personally witness the signing of the BDCR. Peter Mark Allen died on September 9, 2018, leaving a life insurance policy from Minnesota Life approximating $100,000.00 at the time of his death.

In the immediate aftermath of Peter Mark Allen's death, Dawn contacted Minnesota Life on multiple occasions and stated that Peter's signature on the BDCR was "fraudulent." Dawn did not provide Minnesota Life any corroborating evidence in support of allegation of fraud. During this time frame, Clinton also contacted Minnesota Life and requested payment of his 100% share of the life insurance policy pursuant to the BDCR.

Despite the lack of supporting evidence from Dawn, Minnesota Life decided not to honor Clinton's request for payment of his late father's life insurance proceeds and instead filed a Complaint for Interpleader with this Court. Minnesota Life has since been dismissed as a party to these proceedings. The insurance proceeds have

been deposited with the Clerk of the Court's interest-bearing registry account and Dawn has filed a Counterclaim against Clinton for fraud.

Since Dawn has filed her Counterclaim against Clinton, she has failed to provide any evidence to corroborate her allegation of fraud. No such evidence was provided in her initial disclosures or upon counsel's subsequent requests.

II.

Summary judgment is appropriate if the motion is properly supported and "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The Court construes all inferences in favor of the non-movant. *See Siliven v. Indiana Dept. of Child Services*, 635 F.3d 921, 925 (7th Cir. 2011). To create a genuine factual dispute, however, any such inference must be based on something more than "speculation or conjecture." *See Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012) (citation omitted). Because summary judgment "is the put up or shut up moment in a lawsuit," a "hunch" about the opposing party's motives is not enough to withstand a properly supported motion. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Ultimately, there must be enough evidence in favor of the non-movant to permit a jury to return a verdict in its favor. *See id*.

Clinton's motion for summary judgment was filed on September 10, 2019. Dawn did not file a response and the time for doing so has passed.

Because Dawn did not respond to the motion, there is no evidence substantiating her allegations of forgery against Clinton. Dawn has presented no corroborating evidence in support of her position.

Under the Court's Local Rules concerning summary judgment, "[a] failure to respond will be deemed an admission of the motion." *See* CDIL-LR 7.1(D)(2). Because Clinton's allegations are undisputed, the Court finds that, pursuant to Rule 56(a), "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Court concludes the undisputed material facts show that allegations of fraud contained in Dawn's cross-claim are unsubstantiated and insufficient to warrant a valid claim of right to the life insurance policy proceeds. Accordingly, Clinton is entitled to judgment as a matter of law.

Ergo, the motion for summary judgment of Cross-Claim Defendant Clinton Allen [d/e 27] is GRANTED.

The Court hereby finds that Cross-Claim Defendant Clinton Allen is entitled to the full amount of the proceeds from Peter Mark Allen's Minnesota Life Insurance Company policy, Group Term Life Insurance Policy, Policy No. 32491-G, issued by Minnesota Life to Policyholder State of Illinois, which was deposited into the Clerk of the Court's interest-bearing registry account, on or about May 14, 2019.

Following payment of the life insurance proceeds, the Clerk will enter judgment and terminate this case.

ENTER: November 6, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge